**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JAIME-LUCILLE PASSEE,
BLAKE HARRISON,
LETITIA BROWN,
GIUSEPPE CASARELLA,
JEFFREY DEWBERRY,
RICARDO MODE,
KEVIN STEVENSON,
*and all others similarly situated,*

Plaintiffs,

v.

PRINCE GEORGE'S COUNTY, MARYLAND,

Defendant.

Civil Action No. 26-1843-TDC

**MEMORANDUM ORDER**

Plaintiffs have filed this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, in which they allege that Defendant Prince George's County, Maryland ("the County") violated the FLSA by failing to provide properly calculated overtime pay. Plaintiffs are current and former employees of the Prince George's County Sheriff's Office who, in their roles as "Deputy Sheriff K-9 Handlers," Compl. ¶ 8, ECF No. 1, were required to care for their assigned law enforcement canines, including by feeding, grooming, walking, and training their dogs at their homes and outside of their scheduled 40-hour work weeks. Plaintiffs allege that the performance of such duties constituted compensable overtime work, and that the County has violated the FLSA by failing to compensate them for all such overtime hours and by not compensating them at the proper overtime rate, in violation of 29 U.S.C. §§ 207(a) and 207(o).

## DISCUSSION

The County has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), under which a complaint is subject to dismissal if it fails to allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The County argues that the Collective Bargaining Agreement ("CBA") between the County and Plaintiffs' union, the Fraternal Order of Police 112, County Sheriff's Lodge, Inc., requires Plaintiffs to pursue their claim through the CBA's grievance procedure, which involves several steps ultimately culminating in the arbitration of disputes that could not be resolved internally. The County asserts that Article 16 of the CBA provides that the grievance procedure applies to "[a]ny question arising out of and during the term of this Agreement involving an interpretation or application of any of the express provisions of this Agreement." Mot. Dismiss at 3, ECF No. 17-1. Noting that the CBA includes provisions relating to overtime pay, the County argues that Plaintiffs' claims had to be pursued through the grievance procedure, and that Plaintiffs' failure to pursue that process requires dismissal of this case.

This argument fails because even though the CBA includes provisions relating to overtime pay, Plaintiffs do not allege any violations of those provisions and instead allege only federal statutory violations. In *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70 (1998), the United States Supreme Court held that a general arbitration clause in a CBA does not bar a federal statutory claim unless the CBA contains a "clear and unmistakable" waiver of the right to a federal judicial forum for the claim, and further held that where the plaintiff's claim under the Americans with Disabilities Act arose from the statute, not the terms of the CBA, it was not barred by the CBA's arbitration requirement. *Id.* at 79, 82; *see Carson v. Giant Food, Inc.*, 175 F.3d 325, 331

(4th Cir. 1999) ("[C]ollective bargaining agreements to arbitrate these claims, unlike contracts executed by individuals, must be 'clear and unmistakable.'" (quoting *Wright*, 525 U.S. at 80)). While this standard was developed in the context of federal anti-discrimination laws, courts have applied *Wright* to FLSA claims. *See, e.g.*, *Vega v. New Forest Home Cemetery, LLC*, 856 F.3d 1130, 1134 (7th Cir. 2017) (finding that a CBA did not clearly and unmistakably require an employee to pursue an FLSA claim through the CBA grievance procedure); *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 51–53 (1st Cir. 2013) (same); *Jones v. Does 1-10*, 857 F.3d 508, 512–13 (3d Cir. 2017); *see also Gonzalez v. Prince George's Cnty.*, No. 17-159-PWG, 2017 WL 2865015, at *4–5 (D. Md. July 5, 2017) (citing *Vega*).

Here, the CBA did not require Plaintiffs to submit their FLSA claims for resolution through the grievance procedure. A "clear and unmistakable" waiver of the right to pursue an FLSA claim requires either (1) an explicit provision stating that "all federal causes of action arising out of [the plaintiffs'] employment" are subject to the grievance procedure; or (2) another provision of the CBA that explicitly states that the federal statute at issue is "part of the agreement." *Carson*, 175 F.3d at 331–32. The CBA's grievance procedure makes no reference to either claims under the FLSA or federal statutory claims in general, and it instead specifically limits its application to disputes "arising out of" the CBA and "involving an interpretation or application of any of the express provisions" of the CBA. CBA at 29, Mot. Dismiss, Ex. 1, ECF No. 17-3; *see Carson*, 175 F.3d at 328, 332 (holding that a CBA clause mandating arbitration of disputes "concerning the interpretation of the provisions of this Agreement" or "regarding the terms of this Agreement" did not clearly and unmistakably waive the right to litigate federal statutory claims). Likewise, no other provisions of the CBA, including the wage provisions in Article 4 and the overtime provisions in Article 5, directly or indirectly reference the FLSA in any way, so there is no basis

to conclude that the CBA incorporated the FLSA as part of the agreement. The Court therefore finds that the CBA's grievance procedure does not apply to Plaintiffs' FLSA claims and thus does not require dismissal.

The County's reliance on *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), the only post-*Wright* case cited by the County on the merits of the Motion, is misplaced. *Adkins* involved an individual arbitration agreement that waived the right to litigate all claims, not a CBA, and thus was not subject to the "clear and unmistakable" requirement of *Wright*. *Id.* at 499–500, 506 (distinguishing a case arising under a CBA as "rooted in substantive concerns that simply do not apply to the present case"); *see Carson*, 175 F.3d at 331.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the County's Motion to Dismiss, ECF No. 17, is DENIED.

Date: November 18, 2026

THEODORE D. CHUANG
United States District Judge